IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| REYES ALVAREZ SERGIO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 4:14-cv-00927-KOB-JEO |
| | ) |
| ERIC H. HOLDER, JR. et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The petitioner[1] has filed an "Emergency Petition for Writ of Habeas Corpus to be Immediate[ly] Release[d] from ICE on Bond Under *Casas-Castrillion* and *Rodriquez v. Robbins*." (Doc. 1).[2] The respondents have filed a response to the petition. (Doc. 9). They allege, *inter alia*, that it is due to be dismissed because it is moot or premature. The court agrees that the petition is due to be dismissed.

## I.    BACKGROUND

The petitioner was admitted to the United States as a lawful permanent resident in 2004. (Ex. 1).[3] On April 16, 2012, he was convicted in the California Superior Court of the offense of Lewd and Lascivious Act With A Child. He was sentenced to nine months in jail and probation to follow. (*Id*. at ¶ 3). On July 19, 2012, Immigration Customs Enforcement ("ICE") served the

---

[1] The petitioner captioned this action using the name Reyes Alvarez Sergio. (Doc. 1 at 1). However, he signed the petition Sergio Reyes-Alvarez. (*Id*. at 17). His supporting documents also refer to him as Sergio Reyes-Alvarez.

[2] References herein to "Doc. ___" are to the electronic file numbers located at the top of each document in the court's file. The page numbers are references to the page numbers assigned by the electronic filing system and located at the top of each document.

[3] References herein to "Ex. ___" are to the exhibits submitted by the respondents and located at document 6 in the court's file unless noted elsewhere.

petitioner with a Notice to Appear informing him that he was subject to removal from the United States. He was taken into ICE custody. (*Id*. at ¶ 4).

An Immigration Judge ("IJ") ordered the petitioner to be removed to Mexico. (*Id*.) On May 20, 2013, the petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). (*Id*. at ¶ 5). On October 4, 2013, the petitioner appealed the dismissal of his BIA appeal to the Ninth Circuit Court of Appeals, and moved to stay his removal. (*Id*.) Under Ninth Circuit General Order 6.4(c)(1), the petitioner's motion automatically stayed his removal. His appeal before the Ninth Circuit is still pending final decision.

In December 2013, ICE conducted a post-removal order custody review of the petitioner's situation and issued a "Decision to Continue Detention" letter. (*Id*. at ¶ 6). On January 6, 2014, the petitioner requested a bond hearing before the IJ in Eloy, Arizona under *Casas-Castrillion v. DHS*, 535 F.3d 942 (9th Cir. 2008). (*Id*. at ¶ 7). The IJ denied the request for a hearing because of a lack of jurisdiction. (*Id*.) The petitioner subsequently requested another bond hearing in Oakdale, Louisiana, which was also denied for lack of jurisdiction. (*Id*.)

On May 16, 2014, while incarcerated in ICE custody in Etowah County, Alabama, the petitioner filed the present petition with this court, pursuant to 28 U.S.C. § 2241. (Doc. 1). He is presently incarcerated in ICE custody in Eloy Arizona. He seeks a bond redetermination hearing under *Casas-Castrillion* and *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). The court required the respondents to appear and show cause why the requested relief should not be granted. (Doc. 5). On July 11, 2014, the court granted the respondents' motion to hold the case in abeyance to allow for a *Casas* bond hearing pursuant to Ninth Circuit precedent. (Docket Entry dated July 7, 2014).

The petitioner received his *Casas* bond hearing before the Eloy Immigration Court on August 12, 2014. (Doc. 9, Ex. 1). The IJ denied the petitioner's request for bond, finding him to be a danger to the community. (*Id*. at ¶ 6). The respondents filed a motion to dismiss the present petition as moot and/or because any claim under 8 U.S.C. § 1231 or *Zadvydas v. Davis*, 533 U.S. 678 (2001), is premature. (Doc. 9 at 4-9). The petitioner has been afforded an opportunity to respond to the motion to dismiss, but he has not filed a response. (Doc. 10).

## II.     DISCUSSION

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir.1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Because the petitioner has been provided a bond hearing, his petition is moot unless an exception to the mootness doctrine applies.

The mootness doctrine carries two exceptions: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. La Vallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies in this instance. The collateral consequences exception does not apply because no "disabilities or burdens . . . may flow" from the custody that the petitioner challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. The petitioner has received the hearing he requested and to which he was entitled. The possibility of

3

the petitioner being entitled to another *Casas* hearing is too speculative to create an actual controversy sufficient to support a claim for relief.

To the extent the petition may include a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is premature as the petitioner's removal is presently stayed by the Ninth Circuit pending its final ruling on his appeal. The six-month period for removal "is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal." *Powell v. Holder*, 2013 WL 2635490, *2 (N.D. Ala. June 10, 2013). Accordingly, the petition is due to be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the respondents' motion to dismiss (doc. 9) is due to be granted. A separate order will be entered.

DONE and ORDERED this 20th day of March, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE